**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| RICHARD F. CHANDLER, as Proposed Personal Representative of the estate of KATHRYN CHANDLER, and individually, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 1:15-cv-00685-UNA |
| v. | ) ) JURY TRIAL OF TWELVE DEMANDED |
| BRISTOL-MYERS SQUIBB COMPANY, SANOFI-AVENTIS U.S. LLC, SANOFI US SERVICES INC. (f/k/a SANOFI-AVENTIS U.S. INC.), and SANOFI-SYNTHELABO INC., | ) ) ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Bristol-Myers Squibb Company, Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo LLC (f/k/a Sanofi-Synthelabo Inc.)[1] ("Defendants") by and through undersigned counsel, hereby answer Plaintiff's Complaint (the "Complaint"). Plaintiff's Complaint consists largely of sweeping, conclusory allegations about Defendants' conduct without factual allegations supporting those averments. The Complaint also fails to connect the few factual allegations that are made with Kathryn L. Chandler's Plavix® prescriptions or alleged injuries, and fails to show how those factual allegations relate to or support the vague legal claims asserted.

As to each allegation, Defendants respond as follows. All allegations are denied unless specifically admitted.

---

[1]  Defendant Sanofi-Synthelabo LLC, incorrectly designated as "Sanofi-Synthelabo Inc." in the Complaint, changed from a corporation to a limited liability company on June 18, 2014.

## COMMON ALLEGATIONS

1.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 and therefore deny the same.

2.     The allegations in Paragraph 2 require no response.

3.     Answering the allegations of Paragraph 3, Defendants admit that Bristol-Myers Squibb Company is a Delaware pharmaceutical company that maintains its headquarters at 345 Park Avenue, New York, New York 10154 and has a facility in Princeton, New Jersey. Defendants further state that the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership has been responsible for manufacturing and marketing Plavix® in, among other places, the United States. Defendants further state that BMS's registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Defendants deny the remaining allegations of Paragraph 3 of Plaintiff's Complaint.

4.     Answering the allegations of Paragraph 4, Defendants admit that Sanofi-Synthelabo LLC is a Delaware limited liability company and maintains its headquarters in New Jersey. Defendants further admit that in June 2014, Sanofi-Synthelabo LLC changed from a corporation to a limited liability company. Defendants further admit that Sanofi-Synthelabo Inc. maintained its headquarters at 90 Park Avenue, New York, New York 10016 until May 2005, at which time Sanofi-Synthelabo Inc. moved to New Jersey. Defendants further admit that Sanofi-Synthelabo LLC is affiliated with Sanofi-Aventis U.S. LLC and Sanofi US Services Inc. Defendants further admit that Sanofi-Synthelabo LLC previously did business as Sanofi Pharmaceuticals, Inc., and that, until the creation of Sanofi-Aventis U.S. LLC, Sanofi-Synthelabo Inc. was the holder of the Plavix® New Drug Application (the "NDA"). Defendants further state that Sanofi-Synthelabo LLC's registered agent is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Defendants deny the remaining allegations of Paragraph 4 of Plaintiff's Complaint.

5.     Answering the allegations of Paragraph 5, Defendants admit that Sanofi-Aventis U.S. LLC is a Delaware limited liability company that maintains its headquarters at 55 Corporate

2

Way, Bridgewater, New Jersey 08807. Defendants further state that Sanofi-Aventis U.S. LLC is a wholly owned indirect subsidiary of the French pharmaceutical company Sanofi.[2] Defendants further state that the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership has been responsible for manufacturing and marketing Plavix® in, among other places, the United States. Defendants further state that Sanofi-Aventis U.S. LLC's registered agent is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Defendants deny the remaining allegations of Paragraph 5 of Plaintiff's Complaint.

6.     Answering the allegations of Paragraph 6, Defendants admit that Sanofi US Services Inc. is a Delaware corporation that maintains its headquarters at 55 Corporate Way, Bridgewater, New Jersey 08807. Defendants further state that Sanofi US Services Inc. is a wholly owned indirect subsidiary of the French pharmaceutical company Sanofi. Defendants further state that the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership has been responsible for manufacturing and marketing Plavix® in, among other places, the United States. Defendants further state that 10 Del. C. § 3104 speaks for itself. Defendants deny the remaining allegations of Paragraph 6 of Plaintiff's Complaint.

7.     The allegations in Paragraph 7 require no response.

## NATURE OF THE CASE

8.     To the extent the allegations of Paragraph 8 are intended to summarize allegations set forth in Plaintiff's Complaint, the allegations are improper and require no response. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 8 of Plaintiff's Complaint.

9.     Answering the allegations of Paragraph 9, Defendants state that the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership has been responsible for manufacturing, testing, promoting, marketing, distributing, labeling, and selling the prescription drug Plavix® in, among

---

[2]     As of May 6, 2011, the French pharmaceutical company Sanofi-Aventis shortened its name to Sanofi.

ME1 20973367v.1

other places, the United States.  Defendants deny the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10.     Answering the allegations of Paragraph 10, Defendants state that in April 1997 the U.S. Food and Drug Administration ("FDA") granted the Plavix® NDA a priority review and that on November 17, 1997, after completing this review, FDA determined that Plavix® was safe and effective for use in accordance with its FDA-approved label, and approved Plavix® for sale in the United States.  Defendants further state that in March 1998, a few months after Plavix® was approved by FDA, the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership began to market and sell Plavix® in the United States.  Defendants deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11.     Defendants deny the allegations in Paragraph 11 of Plaintiff's Complaint.

12.     Answering the allegations of Paragraph 12, Defendants state that Plavix® has been marketed through television, magazine, and Internet advertisements to both medical professionals and consumers.  Defendants further state that the Plavix® marketing material content speaks for itself.  Defendants deny the remaining allegations in Paragraph 12 of Plaintiff's Complaint.

13.     Defendants deny the allegations in Paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint.

15.     Answering the allegations of Paragraph 15, Defendants state that global sales of Plavix® exceeded $3.8 billion in 2005.  Defendants deny the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint.

17.     Answering the allegations of Paragraph 17, Defendants state that, in accordance with FDA regulations and applicable standards of care and law, correspondence on behalf of the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership was exchanged with FDA addressing the content of certain promotional materials related to Plavix®, and that this correspondence and the content of the marketing materials speak for themselves.  To the extent Paragraph 17 alleges

4

any wrongdoing or wrongful acts by Defendants or alleges that Defendants is liable to Plaintiff or that Plaintiff is entitled to any relief in this action, Defendants deny the same. Defendants deny the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18.     Answering the allegations of Paragraph 18, Defendants state that, in accordance with FDA regulations and applicable standards of care and law, correspondence on behalf of the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership was exchanged with FDA addressing the content of certain promotional materials related to Plavix®, and that this correspondence and the content of the marketing materials speak for themselves. Defendants further state that the CHARISMA (Clopidogrel and Aspirin Versus Aspirin Alone for the Prevention of Atherothrombotic Events) Study was conducted and reported in *The New England Journal of Medicine* on April 20, 2006, and that this study and its results speak for themselves. To the extent Paragraph 18 alleges any wrongdoing or wrongful acts by Defendants or alleges that Defendants are liable to Plaintiff or that Plaintiff is entitled to any relief in this action, Defendants deny the same. Defendants deny the remaining allegations in Paragraph 18 of Plaintiff's Complaint.

19.     Answering the allegations of Paragraph 19, Defendants state that, in accordance with FDA regulations and applicable standards of care and law, correspondence on behalf of the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership was exchanged with FDA addressing the content of certain promotional materials related to Plavix®, and that this correspondence and the content of the marketing materials speak for themselves. To the extent Paragraph 19 alleges any wrongdoing or wrongful acts by Defendants or alleges that Defendants are liable to Plaintiff or that Plaintiff is entitled to any relief in this action, Defendants deny the same. Defendants deny the remaining allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Answering the allegations of Paragraph 20, Defendants state that, in accordance with FDA regulations and applicable standards of care and law, correspondence on behalf of the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership was exchanged with FDA addressing the content of certain promotional materials related to Plavix®, and that this correspondence and

the content of the marketing materials speak for themselves.  Defendants further state that the CAPRIE (Clopidogrel Versus Aspirin in Patients at Risk of Ischemic Events) Study was conducted and reported in *The Lancet*, and that this study and its results speak for themselves. To the extent Paragraph 20 alleges any wrongdoing or wrongful acts by Defendants or alleges that Defendants are liable to Plaintiff or that Plaintiff is entitled to any relief in this action, Defendants deny the same.  Defendants deny the remaining allegations in Paragraph 20 of Plaintiff's Complaint.

21.     Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

22.     Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny the allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Answering the allegations in Paragraph 26, Defendants state that a "Black Box" warning was added to the Plavix® labeling in March 2010, and that the content of the labeling speaks for itself.  Defendants deny the remaining allegations in Paragraph 26.

27.     Answering the allegations in Paragraph 27, Defendants admit that the warning information for Plavix® was updated in May 2009 and March 2010, and that the content of the labeling speaks for itself.  To the extent Paragraph 27 alleges any wrongdoing or wrongful acts by Defendants or that Defendants are liable to Plaintiff or that Plaintiff is entitled to any relief in this action, Defendants deny the same.  Defendants deny the remaining allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Answering the allegations of Paragraph 30, Defendants state that the "Chan Study" was conducted and reported in *The New England Journal of Medicine*, and that this study and its results speak for themselves.  Defendants deny the remaining allegations in Paragraph 30 of Plaintiff's Complaint.

6

31.     Answering the allegations of Paragraph 31, Defendants state that the "Chan Study" was conducted and reported in *The New England Journal of Medicine*, and that this study and its results speak for themselves.  Defendants deny the remaining allegations in Paragraph 31 of Plaintiff's Complaint.

32.     Answering the allegations of Paragraph 32, Defendants state that the CHARISMA (Clopidogrel and Aspirin Versus Aspirin Alone for the Prevention of Atherothrombotic Events) Study was conducted and reported in *The New England Journal of Medicine*, and that this study and its results speak for themselves.  Defendants deny the remaining allegations in Paragraph 32 of Plaintiff's Complaint.

33.     Defendants deny the allegations in Paragraph 33 of Plaintiff's Complaint.

34.     Answering the allegations of Paragraph 34, Defendants state that FDA has approved the Plavix® labeling accompanying the product and that the Plavix® label is published in the *Physician's Desk Reference*.  Defendants deny the remaining allegations in Paragraph 34 of Plaintiff's Complaint.

35.     The allegations of Paragraph 35 require no response.  To the extent a response is deemed necessary, Defendants state that the standards for drug labeling are governed by applicable laws and regulations.

36.     Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Defendants deny the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.

39.     Defendants deny the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     To the extent the allegations of Paragraph 40 attempt to set forth a legal duty, the allegations call for a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants state that the legal duties concerning the reporting of information to FDA and the Plavix® label are governed by applicable laws and regulations. Defendants deny the remaining allegations in Paragraph 40 of Plaintiff's Complaint.

41.     To the extent the allegations of Paragraph 41 attempt to set forth a legal duty, the allegations call for a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants state that the legal duties concerning the reporting of information to FDA and the Plavix® label are governed by applicable laws and regulations. Defendants deny the remaining allegations in Paragraph 41 of Plaintiff's Complaint.

42.     Defendants deny the allegations in Paragraph 42 of Plaintiff's Complaint.

43.     To the extent the allegations of Paragraph 43 attempt to set forth a legal duty, the allegations call for a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants state that the legal duties concerning the reporting of information to FDA and the Plavix® label are governed by applicable laws and regulations. Defendants deny the remaining allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendants deny the allegations in Paragraph 44 of Plaintiff's Complaint.

45.     Defendants deny the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     Defendants deny the allegations in Paragraph 48 of Plaintiff's Complaint.

49.     Defendants deny the allegations in Paragraph 49 of Plaintiff's Complaint.

50.     Defendants deny the allegations in Paragraph 50 of Plaintiff's Complaint.

51.     To the extent Paragraph 51 alleges that Plaintiff used Plavix® for prevention of blood clots post stent placement, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  To the extent the allegations of Paragraph 51 attempt to set forth a legal duty, the allegations call for a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants deny the same.  Defendants deny the remaining allegations in Paragraph 51 of Plaintiff's Complaint.

52.     To the extent Paragraph 52 alleges that Kathryn L. Chandler suffered any injuries, losses, or damages, Defendants lack knowledge or information sufficient to form a belief as to

ME1 20973367v.1

the allegations and therefore denies the same.  Defendants deny the remaining allegations in Paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations in Paragraph 53 of Plaintiff's Complaint.

54.     Defendants deny the allegations in Paragraph 54 of Plaintiff's Complaint.

55.     Defendants deny the allegations in Paragraph 55 of Plaintiff's Complaint.

56.     Defendants deny the allegations in Paragraph 56 of Plaintiff's Complaint.

57.     To the extent Paragraph 57 alleges that Kathryn L. Chandler suffered any injuries, losses, or damages, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Defendants deny the remaining allegations in Paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny the allegations in Paragraph 58 of Plaintiff's Complaint.

59.     Defendants deny the allegations in Paragraph 59 of Plaintiff's Complaint.

60.     To the extent Paragraph 60 alleges that Kathryn L. Chandler's physicians acted as ordinary, reasonable, and prudent physicians or that Kathryn L. Chandler was an ordinary, reasonable, and prudent patient, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Defendants deny the remaining allegations in Paragraph 60 of Plaintiff's Complaint.

61.     To the extent Paragraph 61, including all subparts thereof, alleges that Kathryn L. Chandler suffered any injuries, losses, or damages, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  To the extent Paragraph 61, including all subparts thereof, alleges any wrongdoing or wrongful acts by Defendants or alleges that Defendants are liable to Plaintiff or that Plaintiff is entitled to any damages from Defendants, Defendants deny the same.  Defendants deny the remaining allegations in Paragraph 61 of Plaintiff's Complaint, including all subparts thereof.

62.     Defendants deny the allegations in Paragraph 62 of Plaintiff's Complaint.

63.     To the extent Paragraph 63 alleges that Kathryn L. Chandler suffered any injuries, losses, or damages, Defendants lack knowledge or information sufficient to form a belief as to

9

the allegations and therefore denies the same.  To the extent Paragraph 63 alleges any wrongdoing or wrongful acts by Defendants or alleges that Defendants are liable to Plaintiff or that Plaintiff is entitled to any damages from Defendants, Defendants deny the same.  Defendants deny the remaining allegations in Paragraph 63 of Plaintiff's Complaint.

64.     To the extent Paragraph 64 alleges that Kathryn L. Chandler suffered any injuries, losses, or damages, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Defendants deny the remaining allegations in Paragraph 64 of Plaintiff's Complaint.

## EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS

65.     Answering the allegations of Paragraph 65, Defendants repeat and incorporate by reference their response to all preceding paragraphs of this Answer as if fully set forth herein.

66.     Defendants deny the allegations in Paragraph 66 of Plaintiff's Complaint.

67.     To the extent Paragraph 67 alleges what Kathryn L. Chandler knew, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Defendants deny the remaining allegations in Paragraph 67 of Plaintiff's Complaint.

68.     To the extent Paragraph 68 alleges what Kathryn L. Chandler knew or Kathryn L. Chandler's physicians knew about Plavix® or upon what they reasonably relied, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Defendants deny the remaining allegations in Paragraph 68 of Plaintiff's Complaint.

69.     To the extent the allegations of Paragraph 69 attempt to set forth a legal duty, the allegations call for a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants deny the same.  To the extent Paragraph 69 alleges any wrongdoing or wrongful acts by Defendants or alleges that Defendants are liable to Plaintiff or that Plaintiff is entitled to any damages from Defendants, Defendants deny the same.  Defendants deny the remaining allegations in Paragraph 69 of Plaintiff's Complaint.

ME1 20973367v.1

## FACTUAL ALLEGATIONS

70.     To the extent Paragraph 70 alleges that Kathryn L. Chandler was prescribed and used Plavix® and developed and was treated for illness and injury, including a heart attack, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Defendants deny the remaining allegations in Paragraph 70 of Plaintiff's Complaint.

71.     Defendants deny the allegations in Paragraph 71 of Plaintiff's Complaint.

72.     Defendants deny the allegations in Paragraph 72 of Plaintiff's Complaint.

73.     Defendants deny the allegations in Paragraph 73 of Plaintiff's Complaint.

## COUNT I: STRICT LIABILITY

74.     Answering the allegations of Paragraph 74, Defendants repeat and incorporate by reference their response to all preceding paragraphs of this Answer as if fully set forth herein.

75.     Answering the allegations of Paragraph 75, Defendants state that the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership has been responsible for manufacturing, testing, promoting, marketing, distributing, labeling, and selling the prescription drug Plavix® in, among other places, the United States.  Defendants deny the remaining allegations in Paragraph 75 of Plaintiff's Complaint.

76.     To the extent the allegations of Paragraph 76 attempt to set forth a legal duty, the allegations call for a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants deny the same.  Defendants deny the remaining allegations in Paragraph 76 of Plaintiff's Complaint.

77.     Defendants deny the allegations in Paragraph 77 of Plaintiff's Complaint.

78.     To the extent the allegations of Paragraph 78 attempt to set forth a legal duty, the allegations call for a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants deny the same.  Defendants deny the remaining allegations in Paragraph 78 of Plaintiff's Complaint.

79.     Defendants deny the allegations in Paragraph 79 of Plaintiff's Complaint.

ME1 20973367v.1

80.     Defendants deny the allegations in Paragraph 80 of Plaintiff's Complaint.

81.     Defendants deny the allegations in Paragraph 81 of Plaintiff's Complaint.

82.     Defendants deny the allegations in Paragraph 82 of Plaintiff's Complaint, including all subparts thereof.

83.     To the extent the allegations of Paragraph 83 attempt to set forth a legal duty, the allegations call for a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants deny the same.  Defendants deny the remaining allegations in Paragraph 83 of Plaintiff's Complaint.

84.     Defendants deny the allegations in Paragraph 84 of Plaintiff's Complaint.

85.     Defendants deny the allegations in Paragraph 85 of Plaintiff's Complaint.

## COUNT II: STRICT LIABILITY - DESIGN DEFECT, MARKETING DEFECT AND MANUFACTURING DEFECT

86.     Answering the allegations of Paragraph 86, Defendants repeat and incorporate by reference their response to all preceding paragraphs of this Answer as if fully set forth herein.

87.     Defendants deny the allegations in Paragraph 87 of Plaintiff's Complaint.

88.     Answering the allegations of Paragraph 88, Defendants state that the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership has been responsible for manufacturing, testing, promoting, marketing, distributing, labeling, and selling the prescription drug Plavix® in, among other places, the United States.  Defendants deny the remaining allegations in Paragraph 88 of Plaintiff's Complaint.

89.     To the extent the allegations of Paragraph 89 attempt to set forth a legal duty, the allegations call for a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants deny the same.  Defendants deny the remaining allegations in Paragraph 89 of Plaintiff's Complaint.

90.     Defendants deny the allegations in Paragraph 90 of Plaintiff's Complaint, including all subparts thereof.

91.     Defendants deny the allegations in Paragraph 91 of Plaintiff's Complaint.

92.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 92 and therefore denies the same.

93.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 93 and therefore denies the same.

94.     Defendants deny the allegations in Paragraph 94 of Plaintiff's Complaint.

95.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 95 and therefore denies the same.

96.     Defendants deny the allegations in Paragraph 96 of Plaintiff's Complaint.

97.     Defendants deny the allegations in Paragraph 97 of Plaintiff's Complaint.

98.     Defendants deny the allegations in Paragraph 98 of Plaintiff's Complaint.

99.     Defendants deny the allegations in Paragraph 99 of Plaintiff's Complaint.

100.    Defendants deny the allegations in Paragraph 100 of Plaintiff's Complaint.

## <u>COUNT III: FAILURE TO WARN</u>

101.    Answering the allegations of Paragraph 101, Defendants repeat and incorporate by reference their response to all preceding paragraphs of this Answer as if fully set forth herein.

102.    Defendants deny the allegations in Paragraph 102 of Plaintiff's Complaint.

103.    Defendants deny the allegations in Paragraph 103 of Plaintiff's Complaint.

104.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 104 and therefore denies the same.

105.    Defendants deny the allegations in Paragraph 105 of Plaintiff's Complaint.

106.    Defendants deny the allegations in Paragraph 106 of Plaintiff's Complaint.

107.    Defendants deny the allegations in Paragraph 107 of Plaintiff's Complaint.

108.    Defendants deny the allegations in Paragraph 108 of Plaintiff's Complaint.

109.    To the extent Paragraph 109 alleges upon what Kathryn L. Chandler or Kathryn L. Chandler's physicians relied, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  Defendants deny the remaining allegations in Paragraph 109 of Plaintiff's Complaint.

13

110.     Defendants deny the allegations in Paragraph 110 of Plaintiff's Complaint.

111.     To the extent Paragraph 111 alleges that Kathryn L. Chandler suffered any injuries, losses, or damages, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore denies the same.  To the extent Paragraph 111 alleges any wrongdoing or wrongful acts by Defendants or alleges that Defendants are liable to Plaintiff or that Plaintiff is entitled to any damages from Defendants, Defendants deny the same. Defendants deny the remaining allegations in Paragraph 111 of Plaintiff's Complaint.

112.     Defendants deny the allegations in Paragraph 112 of Plaintiff's Complaint.

## COUNT IV: NEGLIGENCE

113.     To the extent the allegations of Paragraph 113 attempt to set forth a legal duty, the allegations call for a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants deny the same.  Defendants deny the remaining allegations in Paragraph 113 of Plaintiff's Complaint.

114.     Defendants deny the allegations in Paragraph 114 of Plaintiff's Complaint, including all subparts thereof.

115.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 115 and therefore denies the same.  To the extent Paragraph 115 calls for a legal conclusion, no response is required.  Defendants deny the remaining allegations in Paragraph 115 of Plaintiff's Complaint.

116.     Defendants deny the allegations in Paragraph 116 of Plaintiff's Complaint.

## COUNT V: BREACH OF WARRANTY - BREACH OF EXPRESS WARRANTY

117.     Answering the allegations of Paragraph 117, Defendants repeat and incorporate by reference their response to all preceding paragraphs of this Answer as if fully set forth herein.

118.     Answering the allegations of Paragraph 118, Defendants state that the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership has been responsible for manufacturing, testing, promoting, marketing, distributing, labeling, and selling the prescription drug Plavix®

14

in, among other places, the United States.  Defendants deny the remaining allegations in Paragraph 118 of Plaintiff's Complaint.

119.    Defendants deny the allegations in Paragraph 119 of Plaintiff's Complaint.

120.    Defendants deny the allegations in Paragraph 120 of Plaintiff's Complaint.

## COUNT VI: BREACH OF WARRANTY - BREACH OF IMPLIED WARRANTY

121.    Answering the allegations of Paragraph 121, Defendants repeat and incorporate by reference their response to all preceding paragraphs of this Answer as if fully set forth herein.

122.    Answering the allegations of Paragraph 122, Defendants state that the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership has been responsible for manufacturing, testing, promoting, marketing, distributing, labeling, and selling the prescription drug Plavix® in, among other places, the United States.  Defendants deny the remaining allegations in Paragraph 122 of Plaintiff's Complaint.

123.    Defendants deny the allegations in Paragraph 123 of Plaintiff's Complaint.

124.    Defendants deny the allegations in Paragraph 124 of Plaintiff's Complaint.

125.    Defendants deny the allegations in Paragraph 125 of Plaintiff's Complaint.

## COUNT VII:  WRONGFUL DEATH

126.    Answering the allegations of Paragraph 126, Defendants repeat and incorporate by reference their response to all preceding paragraphs of this Answer as if fully set forth herein.

127.    Defendants deny the allegations in Paragraph 127 of Plaintiff's Complaint.

128.    Defendants deny the allegations in Paragraph 128 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Answering the Paragraphs set forth under the heading "Prayer for Relief," Defendants admit that Plaintiff seeks the relief requested but deny that Plaintiff is entitled to any relief against Defendants whatsoever.

ME1 20973367v.1

## AFFIRMATIVE DEFENSES[3]

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plavix® (clopidogrel bisulfate) is, and was at all times, safe for its intended use and not defective or unreasonably dangerous.

## THIRD AFFIRMATIVE DEFENSE

Without admitting that the product at issue was manufactured and/or sold by Defendants, to the extent Defendants had any duty with respect to the sale and/or manufacture of the product, such duty was fully discharged by the giving of adequate instructions and warnings concerning its use.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted based upon *Pliva, Inc. v. Mensing*, 131 S. Ct. 2567 (2011) and/or *Mutual Pharmaceutical Co. v. Bartlett,* 133 S. Ct. 2466 (2013).

## FIFTH AFFIRMATIVE DEFENSE

If Kathryn L. Chandler suffered injuries and damages by reason of operation of nature or idiosyncratic and/or allergic reaction to the product, used either alone or in combination with any other drug, Defendants are not liable.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced under the principles of assumption of the risk and/or informed consent.

---

[3]     Defendants assert the following affirmative defenses without admitting or conceding that all of the affirmative defenses listed below are affirmative defenses for which they carry the burden of proof.

ME1 20973367v.1

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, from Defendants should be reduced, offset, or barred by the contributory or comparative negligence, fault, responsibility, or causation attributable to Defendants to some third party other than Defendants

## EIGHTH AFFIRMATIVE DEFENSE

Kathryn L. Chandler's injuries and damages, if any, were caused in whole or in part by an alteration, change, unintended use, or misuse of the product at issue.

## NINTH AFFIRMATIVE DEFENSE

Kathryn L. Chandler's alleged injuries were caused or contributed to be caused by the intervening acts, superseding negligence, and/or subsequent conduct or fault on the part of a person or entity over whom Defendants neither had control nor right of control and, therefore, Plaintiff's claims are barred and/or Defendants are entitled to an apportionment of damages accordingly.

## TENTH AFFIRMATIVE DEFENSE

Kathryn L. Chandler's alleged damages were not proximately caused by any act or omission of Defendants and/or were caused or proximately caused by some person or third party other than Defendants for whom Defendants are not legally responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

One or more of the claims set forth in Plaintiff's Complaint are barred in whole or in part by the applicable statutes of limitation and/or statutes of repose.

## TWELFTH AFFIRMATIVE DEFENSE

The product at issue was available only through licensed physicians who were provided complete and adequate warnings and instructions consistent with the state of medical and scientific knowledge at the time.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any acts performed by Defendants in the design, manufacture, and marketing of the product at issue were in conformity with the "state of the art" existing at the time of such design,

manufacture, and marketing, and public policy should hold that liability not be imposed on Defendants for untold risks not known at the time of design, manufacture, and marketing of the product at issue.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed due to improper venue and/or pursuant to the doctrine of *forum non conveniens*.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the limitations set forth in the Restatement (Second) of Torts, section 402A, comment k, and/or the Restatement (Third) of Torts.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants had no duty to warn of the possible dangers of using the product at issue, the existence of which are denied, that were not known at the time of manufacture or sale of the product.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the principles of the learned intermediary and/or experienced user doctrine.

## EIGHTEENTH AFFIRMATIVE DEFENSE

All of Defendants' activities and conduct conformed to all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time.

## NINETEENTH AFFIRMATIVE DEFENSE

The methods, standards, and techniques utilized by Defendants in designing, formulating, manufacturing, and marketing the product at issue and in issuing warnings and instructions with respect to its use were proper and in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product was manufactured.

## TWENTIETH AFFIRMATIVE DEFENSE

The injuries and/or damages claimed by Plaintiff were the result of unavoidable circumstances that Defendants could not have prevented.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The injuries and/or damages claimed by Plaintiff were the result of a pre-existing condition unrelated to any conduct of, or products placed in the stream of commerce by, Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The conduct of Defendants in all activities with respect to the product at issue has been and is under the supervision of FDA.  Accordingly, this action is barred by the doctrine of primary jurisdiction.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Kathryn L. Chandler's alleged injuries.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the sophisticated user defense.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The injuries and/or damages claimed by Plaintiff can be attributed to several causes and, accordingly, should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the use of the product at issue was generally recognized as safe and effective pursuant to conditions established by FDA and applicable regulations, including packaging and labeling regulations.

ME1 20973367v.1

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The public interest, benefit, and availability of the product at issue outweigh the risks, if any, resulting from such activities, which were unavoidable given the state of knowledge at the time those activities were undertaken.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any verdict or judgment rendered against Defendants must be reduced by those amounts that have or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, Social Security, worker's compensation, or employee benefit programs.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

No act or omission of Defendants was malicious, willful, wanton, reckless, grossly negligent, or intentional, and therefore any award of punitive damages is barred.

### THIRTIETH AFFIRMATIVE DEFENSE

At the time the product left Defendants' control, there was not a practical and technically feasible alternative design that would have prevented the harm without substantially impairing the reasonably anticipated or intended function of the product.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants are not liable for any harm caused because the product at issue contained an adequate warning as evidenced by its approval by FDA under the Federal Food, Drug, and Cosmetic Act.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Punitive damages are not available to Plaintiff because the drug at issue was subject to premarket approval or licensure by FDA under the Federal Food, Drug, and Cosmetic Act and was approved or licensed.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants rely upon all defenses contained in any applicable state statute or law.

ME1 20973367v.1

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because there was no deceptive act or practice.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery on his fraud and misrepresentation-based claims because the representations and actions alleged by Plaintiff were not intended to deceive.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

None of Defendants' acts, conducts, omissions, or statements alleged in the Complaint was likely to mislead.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Kathryn L. Chandler and/or his prescribing physicians knew, at all times, the characteristics, uses, benefits, standard, and quality of the product at issue and therefore could not have justifiably relied on the alleged misrepresentations or omissions in the Complaint.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The representations and advertising regarding the product at issue are not unfair.  No representation or advertisement contains any false or misleading statement or promises not intended to be delivered.  As such, the representations and advertising are not, and were not, unfair.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

The representations and advertising regarding the product at issue are not unlawful because they are not, and were not, in violation of any law or regulation.

## FORTIETH AFFIRMATIVE DEFENSE

The representations and advertising regarding the product at issue are not fraudulent.  No representation or advertisement contains any false or misleading statement or promises intended to deceive the public.  As such, the representations and advertising are not, and were not, fraudulent.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Defendants have fully performed any and all contractual, statutory, and other duties, and Plaintiff is therefore estopped from asserting any cause of action against Defendants.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Any award to Plaintiff in this action would constitute unjust enrichment.

## FORTY-THIRD AFFIRMATIVE DEFENSE

The Complaint and each cause of action therein presented are vague, ambiguous, and uncertain.  Defendants reserve the right to add additional defenses as the factual bases for each of Plaintiff's claims and allegations become known.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff purports to seek equitable relief to mandate the specific content of Defendants' product labels, Plaintiff's Complaint violates Defendants' right to freedom of speech under the First Amendment of the United States Constitution and the Delaware Constitution, Article I, Section 5.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intends to rely upon any other defense that may become available or appear during the discovery proceedings in the case and hereby reserve the right to amend this Answer to assert any such defense.  Defendants also reserve the right to assert other and related defenses as may become available upon a determination of the law applicable to the action or any part thereof or claim therein.

**WHEREFORE**, Defendants, having fully answered Plaintiff's Complaint, pray that Plaintiff takes nothing by this suit and demand as follows:

1. That Plaintiff's Complaint be dismissed with prejudice on the merits;

2. That Defendants recover their costs and disbursements herein expended to the extent permitted under applicable law;

3. That Defendants be granted leave to file an amended pleading upon conclusion of reasonable discovery, if necessary; and

4. That Defendants be accorded all other relief to which they are now or hereafter appear to be entitled.

## **JURY DEMAND**

Defendants hereby demand a jury trial on all issues so triable.

McCARTER & ENGLISH, LLP

*/s/ Michael P. Kelly*
Michael P. Kelly (Bar No. 2295)
Daniel J. Brown (Bar No. 4688)
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE 19801
Tel.:  (302) 984-6300
Fax:  (302) 984-6399
mkelly@mccarter.com
djbrown@mccarter.com

*Attorneys for Defendants Bristol-Myers Squibb Company,   Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo LLC*

Dated:  August 12, 2015